## WILLIAMS BROS. AIRCRAFT CORPORATION v. MICHON ACCELERATOR CO.

(District Court, N. D. Ohio, W. D. February 12, 1924.)

No. 361.

Patents ⚖═➤328—No. 1,139,685, claims 2 and 3, and No. 1,284,523, claims 1 and 2, for mechanism for controlling automobile throttle valves, held valid and infringed.

Judd patent, No. 1,139,685, claims 2 and 3, covering mechanism for controlling throttle valves of automobiles by either hand or foot power, and Williams patent, No. 1,284,523, claims 1 and 2, for similar, but improved, mechanism, *held* valid and infringed.

In Equity. Suit by the Williams Bros. Aircraft Corporation against the Michon Accelerator Company. Decree for plaintiff.

George L. Wilkinson and Hervey S. Knight, both of Chicago, Ill., and Tracy, Chapman & Welles, of Toledo, Ohio, for plaintiff.

Owen, Owen & Crampton and Edmund C. Froehlich, all of Toledo, Ohio, for defendant.

WESTENHAVER, District Judge. The bill charges infringement of two United States letters patent, viz. No. 1,139,685, issued to Frank E. Judd, May 18, 1915, and No. 1,284,523, issued to Lloyd M., Percy J., and Chester L. Williams, November 12, 1918. Plaintiff's title thereto is not disputed. Claims 2 and 3 of Judd and claims 1 and 2 of Williams only are in issue. Unfair competition in aggravation of infringement is also alleged. The defense is invalidity for lack of novelty and lack of invention.

The subject-matter of this controversy is a mechanism for controlling the throttle valves of motor-driven vehicles, which mechanism may be controlled either by hand or foot power. It is specially designed for use in Ford cars. It is intended as a substitute for the standard connecting rod between the carbureter valve lever and the crank arm of the steering lever. The standard connecting rod is designed to be operated only by hand, by means of a lever on the steering wheel; whereas, this device is designed to be operated, not only by this means, but also with a foot treadle. The fundamental principles of this mechanism, as well as the specific results accomplished, are claimed to be new and original with Judd. These principles are preserved in Williams, and it is said Williams is an improvement upon Judd's means for connecting and operating the pedal in combination with the connecting rod and utilizing Judd's conception in a different and better way. The two patents are claimed to be susceptible of conjoint use and

2 F.(2d)—20

to be embodied in plaintiff's commercial structure.

Briefly stated, Judd's inventive conception consists in substituting for the standard rigid connecting rod a longitudinally extensible and contractible rod. The results accomplished thereby are to permit the carbureter throttle valve to be opened and closed at will by means of the foot treadle or accelerator, independently of the hand-actuated mechanism of the steering column; also to permit this independent movement to take place while the throttle valve is closed, or held partly open with the hand-operated mechanism set in any predetermined position; and also to permit the independent operation of the hand mechanism and closing of the carbureter throttle valve by means of the hand mechanism, even while the foot treadle is depressed or in use.

This means devised to accomplish these results and to operate in this way is quite simple. The substituted connecting rod between the steering column lever and the carbureter valve lever consists of two sections, one called a primary and the other a secondary section, the former of which telescopes into the latter. A coil spring is interposed between a collar or pin on the primary section and the inner end of the secondary section, and holds the two sections yieldingly in their extended positions. A slot is provided in the secondary section, in which a lug is interposed, and by means of said lug, in combination with crank and lever connections to the pedal, independent movement may be imparted to the primary section. These pedal connections need not be described, because in plaintiff's structure they are superseded by the means disclosed in the Williams patent.

Williams makes his extensible and contractible rod in a somewhat different manner, although undoubtedly appropriating in part Judd's fundamental conception and realizing the same results. Williams substitutes for Judd's crank and lever connections with the pedal a flexible wire or cable inclosed in a flexible wire tube. In plaintiff's commercial structure the flexible wire tube connects with a collar adjustably, but rigidly, fixed on a single-piece connecting rod of the standard type, and the flexible wire cable extends through this collar and the interposed coiled spring, and connects with another slidable collar attached to the carbureter throttle lever. The coiled spring interposed between the two collars performs, as in Judd, the function of holding the extensible and contractible connecting rod in its normally extended position. When the throttle is depressed, the yielding of the spring permits the throttle lever to operate independently of the rig-

id connecting rod, which latter is movable only by the hand mechanism. This construction permits the hand-actuated mechanism and the foot-actuated mechanism to open and close the throttle valve independently of each other. The foot mechanism will operate, notwithstanding the hand mechanism may be open or closed, or held in any predetermined set position. The hand mechanism will operate to close the carbureter throttle, notwithstanding the pedal may be in use. In this last operation the entire assembly, including the foot-actuated mechanism, is moved in the proper closing direction.

Among other advantages claimed for this construction are its cheapness, simplicity, and durability. As supplied by dealers, it may be installed in any Ford car merely by removing the standard connecting rod and substituting this one. The only new or additional labor or difficulty is to find a suitable place for the pedal and make the necessary installation. No skill is required so to do. The mutually independent operation of both the hand and foot mechanism is claimed to be a factor of safety with inexperienced drivers in time of trouble. Plaintiff's construction has gone into use and has enjoyed substantial sales.

Defendant urges that this construction is substantially anticipated by the prior art, and that in no event is invention shown over that art. Undoubtedly many prior devices are shown for operating a carbureter throttle, both with the hand mechanism of the steering column and with a foot-actuated mechanism. The art is somewhat crowded, but plaintiff contends that Judd's fundamental conception and result, as well as Williams' specific means, are not disclosed or anticipated, and, for the reasons already outlined, asserts that invention is present both in Judd and in Williams. Upon due consideration of the prior art, my conclusion accords with this contention. In my opinion, neither Judd nor Williams is anticipated, and their advance over the prior art, while not great, is nevertheless so far original and distinctive as to amount to invention. I am likewise of opinion that plaintiff's commercial structure embodies substantially the disclosures of the Judd and Williams patents, and is within the terms of the several claims sued on.

Defendant cites as against Judd, certain United States letters patent, viz. Bowman, 1,132,907; Jardine, 758,076; Schmidt, 823,-742; Spencer, 1,081,166; Strohecker, 1,097,-566; Tibbetts, 1,097,778; Packard, 306,830; Thum, 872,478. This art need not be reviewed in detail. Bowman is mainly relied on. An issue is made as to whether Judd is en-

titled to priority over Bowman, which I do not deem it necessary to determine. Bowman, even if entitled to priority, does not, in my opinion, anticipate, nor deprive Judd of the quality of invention. Bowman's hand-actuated mechanism is not susceptible of independent movement. It is dominated by the foot-actuated mechanism when the latter is in use. Moreover, a fixed fulcrum on some part of the automobile frame or engine parts is required to support the bell lever cranks necessary in the operation of the slidable foot-actuated mechanism. It lacks the simplicity and cheapness of plaintiff's structure, and, while a step in the same direction, falls short of it. The other citations are even more remote.

Defendant cites, as against Williams, certain United States letters patent, viz. Bowman, 1,132,907; Judd, 1,139,685; Gunderson, 1,157,099; Warnes, 1,184,903; Luce, 1,181,-232; Stewart, 1,035,651 and 1,161,265. Of these defendant's expert says that Warnes and perhaps Luce most nearly anticipate. They are more pertinent to Judd than to Williams, but both were applied for and issued later than Judd. Warnes also has a bell crank lever fulcrumed upon a fixed bracket, which is mounted on some stationary part of the automobile. If the foot-actuated mechanism is in use, it is impossible to develop movement of the connecting rod by means of the hand lever. It does not disclose in any respect the special features contributed by Williams to the plaintiff's commercial device. Luce more nearly approaches Judd's inventive conception, but is also later in time. Luce's claims are limited to structural details outside of the scope of the present inquiry. It is not pertinent to Williams, except as Williams appropriates Judd.

Defendant specially urges that the contribution by Williams of a flexible wire cable incased in a flexible tube was an expedient within the skill of any mechanic. Stewart is cited as an instance of a similar, even if only an analogous, use. In view of the numerous patents disclosing a foot-actuated mechanism, all of which make use of various forms of levers, cranks, and fulcrums, none of which even suggest Williams' means, I am not able to say that what Williams did was obvious and does not amount to invention. The presumption of validity is not thereby overcome and should stand.

Infringement is not substantially denied. Defendant's structure (Plaintiff's Exhibit 4) is an embodiment of the disclosures of the Michon patent, 1,404,785. It appropriates bodily plaintiff's commercial structure. It differs therefrom in no detail, except that a

slightly different form of clutch connection with the slidable collar is provided. The principle of operation and the results accomplished are in no wise distinguishable. In my opinion, claims 2 and 3 of Judd and 1 and 2 of Williams are valid and infringed. The charges of unfair competition are important only in connection with an accounting, so far as they may tend to show willful infringement and aggravate damages, and no finding is therefore now required with respect thereto.

A decree for an injunction and an accounting will be entered.