## THE J. G. ROSE.

(Circuit Court of Appeals, Second Circuit. December 7, 1925.)

No. 118.

1. Collision ⬠142—Negligence causing collision not merged with negligence in failing to prevent sinking of damaged boat.

Negligence of tug causing collision between tows is not merged in negligence of tow's bargemaster in failing to take steps to prevent sinking, so as to preclude recovery of damages attributable to collision.

2. Collision ⬠142—Where boat slightly damaged by collision sunk, due to negligence of person in charge, damages attributable to collision only recoverable.

Where tow slightly damaged by collision due to tug's negligence, sunk due to negligence of person in charge in failing to promptly beach or siphon her, only damages directly due to collision were recoverable.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by William Farrell & Sons, Inc., against the steam tug J. G. Rose, her engines, etc.; the Cornell Steamboat Company, claimant. Decree for respondent, and libelant appeals. Decree set aside, and cause remanded, with directions.

Libelant claims that its boat Farrell was in a hawser tow, lying substantially still off the Hoboken pier line. The helper tug J. G. Rose went in to the slip and brought out several barges to be added to the tow. In making the addition, the Rose brought a barge in contact with the vessel astern of libelant's boat, and drove that vessel into the Farrell's stern. About two hours and a half later the Farrell sank, losing her cargo and incurring much additional damage that had nothing to do with her stern. For the whole loss libel was filed, and the court below, although it apparently thought there was a slight collision, as alleged, held "that the immediate damage thereby caused" was "merged in the total * * * loss" due to the sinking, which sinking proximately resulted from the negligence of the man in charge of the Farrell, who failed to give timely notice or timely to seek assistance in respect of the comparatively trifling injury to his stern. That injury, according to survey introduced by claimant, could have been repaired for not over $202. From decree dismissing libel, libelant appealed.

Macklin, Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Robert S. Erskine and Henry P. Elliott, both of New York City, of counsel), for appellee.

Before HOUGH, HAND, and MACK, Circuit Judges.

PER CURIAM. The court below found that there was a collision as alleged, and we are not disposed to disturb that finding. We also accept the finding below that there was negligence on the part of the bargemaster, and are of opinion that his negligence was greater than claimant's. We also agree that, had prompt steps been taken to either beach or siphon the Farrell, there would have been no serious result.

[1, 2] We cannot agree that the negligence of claimant's tug was or could be "merged" in the subsequent and greater negligence of libelant's bargemaster. There is no such thing as a merger of this kind.

We hold it shown that the Rose's negligence caused a slight collision, the result of which (according to the only testimony of record) could have been repaired for not over $202, and that, but for the subsequent negligence of the bargee, there would have been no such loss as is asserted in the libel, viz. upwards of $8,000.

Thus we have two sets of damages, one proximately caused by fault imputable to libelant, the other by fault imputable to claimant. But there is difficulty in stating exactly the amounts of these different damages.

There has been an inclination to take the easiest way out of such difficulties, and divide damages, or give half damages, as might be appropriate. The Silvia (D. C.) 2 F.(2d) 105. But there is no hard and fast rule. We have recognized that even "novel" damage divisions may, if equitable, be looked upon with favor. The Little Silver, 84 F. 508, at page 512, 28 C. C. A. 476. In this case we think it is possible, on the proofs as they stand, to say that libelant's prima facie damage is not over $202. That damage has been shown a good deal more clearly than was a considerably larger loss recognized in The Transfer No. 8 (D. C.) 88 F. 551, a decision of Brown, District Judge, of which we approve.

The decree is set aside, with costs, if earned as below indicated, and the cause remanded to the lower court, with directions at the option of libelant to pursue one of the following courses:

(1) Enter a decree for $202, with interest and the costs of both courts; or

(2) Refer the cause to a commissioner, with directions that, if libelant fails to prove collision damage exclusive of demurrage in excess of $202, he shall recover no more than the amount of damage so proven, without interest, and without costs, in either court.

---

### DOWNER v. GOODWIN et al.

(Circuit Court of Appeals, Eighth Circuit. November 17, 1925.)

No. 6879.

1. **Courts** ⟲405(16)—**Federal court cannot determine case on merits, where petition for removal not part of record, and no ground of federal jurisdiction shown.**

Jurisdiction of federal court never being presumed, Circuit Court of Appeals could not determine merits of case removed from state court, where petition for removal was not made a part of record, and no ground of federal jurisdiction was shown by record.

2. **Courts** ⟲406(2)—**Where record did not show jurisdiction, submission set aside and case replaced on calendar, with permission to counsel to suggest diminution of record and to bring up necessary parts.**

Where petition for removal from state to federal court was not made a part of the record, which therefore did not show jurisdiction in federal court, submission will be set aside and case replaced on calendar, with permission to counsel to suggest diminution of record and bring up petition and other necessary parts of the record.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by George J. Downer against E. M. Goodwin and others removed from state court. Defendants' demurrer to plaintiff's petition was sustained, and plaintiff brings error. Submission of case set aside and case replaced on calendar, with permission to counsel to suggest a diminution of the record.

R. J. Higgins, of Kansas City, Kan. (Fred Robertson, of Kansas City, Kan., on the brief), for plaintiff in error.

William C. Lucas, of Kansas City, Mo. (John H. Lucas, of Kansas City, Mo., on the brief), for defendants in error.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an action by George J. Downer, hereinafter called plaintiff, against E. M. Goodwin and R. E. Harman, hereinafter called defendants, to recover moneys in the hands of the defendants, aggregating $7,000, alleged to have been paid to them as agents of the plaintiff. It was commenced originally in the district court of Scott county, Kan., and thereafter removed to the District Court of the United States for the District of Kansas. After the cause was removed, defendants interposed a demurrer to plaintiff's petition. The trial court sustained the demurrer and dismissed the petition. From the judgment of dismissal the plaintiff sued out a writ of error to this court.

The only part of the proceedings on removal set forth in the record here is the petition filed by the plaintiff in the state court. The petition for removal and the order of removal are not in this record.

[1] The national courts are courts of limited jurisdiction. In them jurisdiction is never presumed. It must appear affirmatively. Grace v. American Central Insurance Co., 109 U. S. 278, 283, 3 S. Ct. 207, 27 L. Ed. 932; Turner, Adm'r, v. Bank of North America, 4 Dall. 8, 11, 1 L. Ed. 718. The record here nowhere discloses the citizenship of the parties. Neither diversity of citizenship nor any other ground of federal jurisdiction is shown. Therefore we cannot proceed to a determination of the merits.

In Larned v. Jenkins (C. C. A. 8) 109 F. 100, 48 C. C. A. 252, this court said:

"Under the Act of March 3, 1875 (1 Supp. Rev. St. U. S. p. 175), it is made the duty of this court to examine the record in every case brought before it, and order such cases to be remanded as do not fall within our jurisdiction, although the jurisdiction is not challenged by either party. Barth v. Coler, 19 U. S. App. 646, 649, 9 C. C. A. 81, 60 F. 466. For this reason, when a removed case is brought to this court, either on a writ of error or by appeal, the petition for removal is an essential part of the record, without which we will not proceed to a final adjudication. It may be that the petition for removal which was filed in the case at bar will disclose jurisdiction, and, as that can be supplied if counsel suggest a diminution of the record, it will now be ordered that the submission be set aside, and that the case be placed on the calendar for further argument when it shall have been made to appear by bringing up other parts of the record that the requisite jurisdiction to hear and decide the case exists."